UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DAVALOS, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>A. TEICHERT & SON, INC., a California Corporation, and DOES 1-50, inclusive,<br><br>        Defendant. | No. 2:18-cv-02694-KJM-KJN<br><br>ORDER |

      Martin Davalos brings this putative class action against A. Teichert & Son, Inc., an engineering contractor, asserting several claims under California wage laws and related state statutes. On October 4, 2018, defendant removed the case to this court, Notice of Removal ("NOR") ¶ 1, ECF No. 1, and plaintiff filed a motion to remand to state court on October 19, 2018, Motion to Remand ("Motion"), ECF No. 8. Defendant opposed the motion, and plaintiff has replied. Opp'n, ECF No. 10; Reply, ECF No. 12. As explained below, the court GRANTS plaintiff's motion to remand.

///

///

1

I.  BACKGROUND

Plaintiff filed this putative class action in Sacramento County Superior Court on August 21, 2018, alleging six causes of action: (1) underpayment of wages, including overtime pay (Cal. Lab. Code § 510); (2) failure to provide meal periods (Cal. Lab. Code § 512); (3) failure to provide rest breaks (Cal. Lab. Code § 226.7); (4) failure to timely pay wages owed upon termination (Cal. Lab. Code §§ 201–202); (5) failure to furnish accurate itemized wage statements and maintain accurate payroll records (Cal. Lab. Code §§ 226, 246, 1174); and (6) unlawful business practices (Cal. Bus. & Prof. Code § 17200 *et seq.*).  Mot. at 5–6.[1]

Defendant removed the case to federal court, asserting federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a).  NOR ¶¶ 12, 32.  As the basis for federal jurisdiction, defendant argues plaintiff's state law claims are preempted by § 301 of the Labor Management Relations Act ("LMRA").  *Id.* ¶ 13.  In his motion to remand, plaintiff argues that because his claims arise from state law and do not require interpretation of any collective bargaining agreement ("CBA") terms, § 301 preemption does not apply.  Mot. at 9.  The court submitted the matter without oral argument and resolves it here.

II.  LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  District courts have federal question jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States."  Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  Section 301 encapsulates "a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts."  *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985) (footnote omitted).  "This federal common law, in turn, preempts the use of state contract law in CBA interpretation and enforcement."  *Matson v. United Parcel Serv., Inc.*, 840 F.3d 1126, 1132 (9th Cir. 2016)

---

[1] Citations to documents filed on the docket refer to ECF pagination and not the document's internal pagination.

2

(internal quotation marks and citation omitted). Consequently, "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in a state court" and may be properly removed to federal court under federal question jurisdiction. *Avco Corp. v. Aero Lodge No. 375, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560 (1968). Because § 301's preemptive force extends to "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," *Lueck*, 471 U.S. at 210–11, § 301 preempts a state law claim so "inextricably intertwined" with the terms of a labor contract that resolution of the claim will require judicial interpretation of those terms. *Id.* at 213.

Nevertheless, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301." *Id.* at 211. If a state law provides rights that cannot be waived or modified by private contract, and if the rights can be enforced without resort to the express or implied terms of the contract, § 301 preemption does not apply to claims brought under that state law. *See id.* at 212 ("In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.") (footnote omitted); *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545–46 (9th Cir. 1988).

Furthermore, a defendant cannot invoke § 301 preemption merely by alleging a "hypothetical connection between the claim and the terms of the CBA" or a "creative linkage between the subject matter of the claim and the wording of a CBA provision." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691–92 (9th Cir. 2001) (en banc). "'[L]ook[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). "A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

The Ninth Circuit has articulated a two-pronged test for determining whether § 301 preemption applies. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir.

2007).  First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.  If the right exists solely as a result of the CBA, then the claim is preempted and our analysis ends there."  *Id*. at 1059 (citation omitted).  If the court determines, however, that the right underlying the state law claim "exists independently of the CBA" the court must proceed to the second prong and consider whether the right is nevertheless "substantially dependent on analysis of a collective bargaining agreement."  *Id.* (internal quotation marks and citation omitted).  "If such dependence exists, then the claim is preempted by § 301; if not, then the claim can proceed under state law."  *Id.* at 1059–60.

III. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

Defendant requests the court take judicial notice of the following: (1) plaintiff's complaint filed in Sacramento County Superior Court (Exhibit A), (2) defendant's notice of removal and accompanying exhibits (Exhibit B), (3) the 2013–2016 AGC/Cement Masons Master Labor Agreement entered between defendant's collective bargaining representative and plaintiff's union (Exhibit C), (4) the 2016–2019 AGC/Cement Masons Master Labor Agreement entered between same (Exhibit D), and (5) defendant's motion to dismiss filed in this court on October 11, 2018 (Exhibit E).  Def.'s Req. for Judicial Notice, ECF No. 10-2 at 1–2.  Exhibits A, B and E are already part of the docket of this case, ECF No. 1-3 at 5–26 (Complaint), ECF No. 1 (Notice of Removal) & ECF No. 4 (Motion to Dismiss), and therefore do not require the taking of judicial notice.  *Brighton Collectibles, Inc. v. Pedre Watch Co., Inc.*, No. 11cv00637 AJB (WVG), 2014 WL 29008, at *8 n.6 (S.D. Cal. Jan. 2, 2014).  As to the existence of Exhibits C and D, the court GRANTS this unopposed request.  *See* Fed. R. Evid. 201 (permitting courts to take judicial notice of facts not in dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

IV. DISCUSSION

The court applies the two-prong *Burnside* test to each of plaintiff's claims and concludes LMRA preemption is inapplicable here.  Therefore, this case must be remanded.

///

///

4

A. Claim for Underpaid Wages & Claim for Failure to Provide Meal Periods

1. Does the right exist independently of the CBA?

"California law requires employers to provide employees with an off-duty meal period every five hours (*see* Cal. Lab. Code § 512(a)), and overtime compensation at premium wage rates for hours worked in excess of eight hours a day and forty hours a week (*see* Cal. Lab. Code § 510). However, the Labor Code also contains provisions exempting certain employees from those requirements." *Atuatasi v. Securitas Sec. Servs. USA, Inc.*, No. LA 18–cv–2786–VAP (PLAx), 2018 WL 2748259, at *2 (C.D. Cal. June 6, 2018). In particular, § 512(e) exempts classes of employees from the meal period requirements of § 512(a) if:

> (1) The employee is covered by a valid collective bargaining agreement [and]
>
> (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 512(e). Section 512(f)(1) limits the § 512(e) exemption to "employee[s] employed in the construction occupation." Similarly, § 514 exempts employees from the overtime compensation requirements if they have a valid collective bargaining agreement. *See* Cal. Lab. Code § 514.

Defendant argues the Labor Code requirements for meal breaks and overtime compensation do not apply to plaintiff's claims because plaintiff falls under the § 512(e) and § 514 exceptions. Opp'n at 11–15. Therefore, defendant argues, the claims cannot arise independently from state law, because state law does not apply. *Id.* Plaintiff responds that the application of the exception is an affirmative defense, and does not confer federal jurisdiction when a federal question does not appear on the face of the complaint. Reply at 7.

Several district courts have addressed the issue of whether application of the § 512(e) and § 514 exceptions render plaintiff's overtime and meal break claims preempted by the LMRA, and have reached different conclusions. *See Atuatasi*, 2018 WL 2748259, at *2 ("District courts in the Ninth Circuit have reached different conclusions regarding whether the §§ 512(e)

and 514 exemptions require LMRA preemption.") (collecting cases). In *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1097–100 (N.D. Cal. 2014), the court found that, because §§ 512(e) and 514 applied to plaintiff's meal periods and overtime claims, respectively, the rights at issue existed solely as a result of the CBA, and were preempted. Conversely, in *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 954 (C.D. Cal. 2014), the court held whether or not the exception in § 514 applied affected only whether the plaintiff "has alleged a claim under a statute she cannot invoke" but "does not alter the substance of [the] claim." Because the plaintiff "specifically and repeatedly plead[ed] violations of state law, not a violation of the CBAs or right [sic] they provide[,]" the claim was not preempted. *Id.* at 954. *See also Raphael v. Tesoro Refining & Marketing Co., LLC.*, No. 2:15–cv–02862–ODW (Ex), 2015 WL 3970293, *5 (C.D. Cal. June 30, 2015) ("[S]imply asserting that one . . . of these exemptions appl[ies] as an affirmative defense to litigation cannot suffice as the sole basis for preemption and removal.") (citation omitted); *Placencia v. Amcor Packaging Distrib., Inc.*, No. SACV 14-0379 AG (JPRx), 2014 WL 2445957, at *2 (C.D. Cal. May 12, 2014) ("If Plaintiff's overtime claim under California law fails, that doesn't mean this Court has jurisdiction, it means [defendant] wins. . . . Determining whether Plaintiff's claim fails requires interpreting state law, not the CBA.").

Two relatively recent district court decisions have addressed this split in the authority and followed *Vasserman* rather than *Coria*, ultimately finding application of the Labor Code exceptions does not render claims preempted under *Burnside*'s first prong. In *Lopez v. Sysco Corporation*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. Jan. 25, 2016), the court adopted the reasoning of *Vasserman* as more persuasive and declined to follow *Coria,* because "[t]he *Coria* court did not address the fact that the invocation of an exemption to the Labor Code is an affirmative defense." Similarly, the court in *Atuatasi,* 2018 WL 2748259, at *3, analyzed *Vasserman*, *Raphael* and *Coria*, and was persuaded by the reasoning in *Vasserman* and *Raphael*. The court distinguished *Coria*, because the plaintiff in that case "'appear[ed] to concede that those pre-conditions [for § 512(e)] have been met' and the court found that concession dispositive." *Id.* (alterations in original) (quoting *Coria*, 63 F. Supp. 3d at 1097).

///

6

The court here is persuaded by the discussions in *Atuatasi* and *Lopez,* and finds that the § 512(e) and § 514 exceptions provide an affirmative defense that can be raised by defendants, but does not affect whether plaintiff's claims invoke rights independent of the CBA. *Atuatasi*, 2018 WL 2748259, at *4. Because plaintiff's overtime and meal period claims are pleaded purely as violations of state law without reference to the CBA, the rights should be considered as independent of the CBA and not preempted under the first prong of the *Burnside* test.

### 2. Does resolution of the claim depend on interpreting the CBA?

Turning to the second *Burnside* step, the court must evaluate "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA . . . . If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060 (citations omitted). Although this "'look to'/'interpret' distinction" does not lend itself to clear demarcation, *see id.*, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished," *Livadas*, 512 U.S. at 124 (citation omitted). For example, "[a] collective-bargaining agreement may . . . contain information such as rate of pay . . . that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled," but that would not result in preemption of the claim. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 n.12 (1988).

As the party asserting § 301 preemption, defendant bears the burden of establishing that resolution of plaintiff's claims requires interpreting the CBA. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) ("The party invoking the removal statute bears the burden of establishing federal jurisdiction."). Here, defendant does not point to any provisions in the CBA that are in dispute or require interpretation by the court to resolve plaintiff's claims for overtime and meal periods. *See* Reply at 3; *Ward v. Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) ("When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption."). Instead, defendant argues the court will have to interpret some part of the CBA in

deciding the motion to dismiss plaintiff's overtime and meal period claims and in deciding a motion for class certification. Opp'n at 15.

Defendant's motion to dismiss the overtime and meal period claims is based on the § 512(e) and § 514 exceptions discussed above, and defendant argues here, in opposition to remand, that the court "may have to analyze and interpret Teichert's CBAs in order to determine whether these exemptions apply." *Id*. However, as the Ninth Circuit has explained, the inquiry required calls for interpretation of state law, using facts from the CBA, not interpretation of the CBA itself. *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052–53 (9th Cir. 2003) ("Even assuming the [§ 514 exception applies], the question here is the same as that raised by Section 510: whether when overtime is paid under the CBA it is paid for *all overtime hours worked,* as required by California law. This is a question of interpretation of state law, not of the CBA, that we leave to the state court.") (emphasis in original); *see also McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1013 (9th Cir. 2018) ("[R]eliance on and reference to CBA-established or CBA-defined terms of employment do not make for a CBA dispute if there is no disagreement about the meaning or application of any relevant CBA-covered terms of employment.") (citation omitted); *but see Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, at *6–7 (E.D. Cal. Aug. 29, 2013) (denying motion to remand where § 512 applied, holding that because terms of CBA governed plaintiff's meal periods claim, resolution of issue was "substantially dependent upon" terms of CBA) (quoting *Burnside*, 491 F.3d at 1059).

Defendant's second argument is that class certification will require the court "to interpret over a dozen CBAs to determine whether Plaintiff's claims involve issues that are 'common' to the entire putative class," and thus the claims should be preempted under the second *Burnside* prong "based on the sheer number of CBAs at issue in this case." Opp'n at 17 (citing *Raphael*, 2015 WL 3970293 at *6). While it may be true that "the only way for the Court to determine whether all of Teichert's employees and putative class members were subject to the same purportedly 'unlawful policies'" will be to "compare[ ] and contrast numerous provisions in Teichert's 18 CBAs," defendant has not shown how the court would need to interpret the meaning of any CBA provisions. *See id.* at 18. Defendant's reliance on *Raphael* here is

8

misplaced. In *Raphael*, the defendant "affirmatively presented the Court with a plethora of provisions in need of interpretation" in the eight CBAs in question and "describe[d] the complexity involved in calculating the proper wage and premium wage rates under only a single CBA, highlighting essential terms that [would] need to be interpreted." *See Raphael*, 2015 WL 3970293, at *6. Here in contrast, defendant has not identified any disputed or complex CBA overtime or meal period provisions that require the court's interpretation.

Accordingly, plaintiff's overtime and meal period claims are not preempted by LMRA § 301.

B. <u>Plaintiff's Remaining Claims[2]</u>

Plaintiff's fourth and sixth claims are derivative of plaintiff's overtime and meal break claims. *See* Opp'n at 17, n.5. Therefore, these claims are not preempted for the reasons discussed above.

As to plaintiff's third and fifth claims for failure to provide rest breaks under California Labor Code § 226.7 and failure to furnish and maintain accurate payroll records under California Labor Code § 245.5, defendant argues that California Wage Order No. 16 and Labor Code § 245.5, respectively, exempt from these requirements members of the construction industry covered by a collective bargaining agreement like the one in the instant case. NOR ¶¶ 27, 30 (citing *Zayerz v. Kiewit Infrastructure West*, 2018 WL 582318, at *4 (C.D. Cal. Jan. 18, 2018)). The same reasoning applied by the court in *Atuatasi* applies to this argument: the fact that an exception in the law may extinguish plaintiff's claim supports an affirmative defense, and federal jurisdiction cannot be based on a defense when no federal question appears on the face of the complaint. 2018 WL 2748259, at *4.

Accordingly, none of plaintiff's remaining claims is preempted, and none support the exercise of supplemental jurisdiction as the court lacks subject matter jurisdiction over any of plaintiff's claims.

---

[2] Though defendant argues that plaintiff's motion only addresses his first two claims for unpaid wages and meal breaks, *see* Opp'n at 16, the court *sua sponte* analyzes whether it has jurisdiction to hear any of the six claims. Fed. R. Civ. P. 12(h)(3).

V.   CONCLUSION

For the reasons provided above, plaintiff's motion to remand is GRANTED and the case is hereby REMANDED to Sacramento County Superior Court for all further proceedings.  Defendant's motion to dismiss, ECF No. 4, is DISMISSED as MOOT.

IT IS SO ORDERED.

DATED: January 2, 2019.

_____
UNITED STATES DISTRICT JUDGE